**Armando Bognot MALIWAT,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–72589.
Agency No. A44–715–815.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.[*]

Decided Oct. 26, 2004.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

222

Kenneth R. Sheehan, Attorney at Law, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Paul Fiorino, U.S. Department of Justice, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM**

Armando Bognot Maliwat, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motions to reopen. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

The BIA did not abuse its discretion in denying Maliwat's motions to reopen because he failed to establish prima facie eligibility for relief. Because Maliwat did not comply with the grant of voluntary departure, he was prima facie ineligible for the adjustment of status relief he sought. *See* 8 U.S.C. § 1229c(d); *de Martinez,* 374 F.3d at 762–64. The BIA therefore did not abuse its discretion in denying his motions to reopen. *See INS v. Abudu,* 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (holding that the BIA may deny an alien's motion to reopen if the alien is not prima facie eligible for the relief sought).

Maliwat's contention that the BIA deprived him of due process by denying his motions to reopen is foreclosed by *Shaar v. INS,* 141 F.3d 953, 958–59 (9th Cir.1998) (holding that the BIA's denial of a motion to reopen for an alien's failure to comply with a grant of voluntary departure does not violate due process).

Because the BIA did not abuse its discretion in denying Maliwat's motions to reopen on the merits, we need not reach Maliwat's contention that the BIA erred in determining that his motion to supplement the record was not timely.

To the extent that Maliwat contends that the BIA's October 15, 2002 decision was in error, we lack jurisdiction to review his contention. That decision is not before us, and was summarily dismissed by a previous panel on June 9, 2003 in Case No. 02–73844.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.